J. S07037/18

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| SHAWN LEDBETTER, | : | No. 1911 EDA 2016 |
| | : | |
| Appellant | : | |

Appeal from the PCRA Order, May 20, 2016,
in the Court of Common Pleas of Philadelphia County
Criminal Division at No. CP-51-CR-0003680-2009

BEFORE:  BENDER, P.J.E., PANELLA, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:            **FILED APRIL 16, 2018**

Shawn Ledbetter appeals from the May 20, 2016 order denying his petition for relief filed pursuant to the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.   Contemporaneously with this appeal, Scott Gessner ("PCRA counsel") has requested leave to withdraw in accordance with *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), and *Commonwealth v. Finley*, 550 A.2d 213 (Pa.Super. 1988) (*en banc*). After careful review, we grant PCRA counsel leave to withdraw and affirm the order of the PCRA court.

The relevant facts and procedural history of this case are as follows. On October 26, 2010, appellant pled guilty to aggravated assault and

persons not to possess, use, manufacture, control, sell or transfer firearms.[1] Sentencing was deferred until April 27, 2012, following several continuances at appellant's request. On that date, the trial court sentenced appellant to consecutive terms of 4 to 8 years' imprisonment on each charge. At all relevant times during his guilty plea and sentencing, appellant was represented by Mary Maran, Esq. ("trial counsel"). On May 18, 2012, appellant filed an untimely, *pro se* post-sentence motion for reconsideration of his sentence.[2] Appellant did not file a direct appeal.

Thereafter, on December 3, 2012, appellant filed a *pro se* PCRA petition alleging that trial counsel was ineffective for ignoring his request to file a motion for reconsideration of his sentence. PCRA counsel was appointed to represent appellant and filed an amended PCRA petition on his behalf on June 11, 2015. On April 22, 2016, the PCRA court provided appellant with notice of its intention to dismiss his petition without a hearing, pursuant to Pa.R.Crim.P. 907(1). Appellant did not file a response to the PCRA court's Rule 907 notice. On May 20, 2016, the PCRA court

---

[1] 18 Pa.C.S.A. §§ 2702(a) and 6105(a)(1), respectively.

[2] Although it does not appear in the record, an order was entered by the trial court on December 11, 2012, denying appellant's post-sentence motion for reconsideration. However, given that appellant's post-sentence motion was denied by operation of law on September 15, 2012, pursuant to Pa.R.Crim.P. 720(B)(3)(a), the trial court's December 11, 2012 order was a legal nullity.

formally dismissed appellant's petition without an evidentiary hearing. This timely appeal followed on June 15, 2016.

On October 26, 2016, the PCRA court directed appellant to file a concise statement of errors complained of on appeal, in accordance with Pa.R.A.P. 1925(b), within 21 days. On November 16, 2016, PCRA counsel filed a statement of intent to file an **Anders**/**McClendon**[3] brief in lieu of a concise statement, pursuant to Pa.R.A.P. 1925(c)(4). On January 3, 2017, the PCRA court indicated that it is not filing an opinion in this matter. Thereafter, on April 24, 2017, PCRA counsel filed a brief and petition to withdraw pursuant to **Anders**.

On May 23, 2017, this court entered a **per curiam** order denying PCRA counsel's petition to withdraw and striking the **Anders** brief. The order further directed PCRA counsel "to file either an advocate's brief on [a]ppellant's behalf[,] or a petition to withdraw as counsel and no-merit letter that comply with **Turner** and **Finley**[.]" (**Per Curiam** order, 5/23/17.) On June 21, 2017, PCRA counsel filed an application for extension of time to file a brief, which was granted by this court the following day. Thereafter, on July 25, 2017, PCRA counsel filed a "no-merit" letter and a petition to withdraw in accordance with **Turner**/**Finley**. Appellant filed a

---

[3] **Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v. McClendon**, 434 A.2d 1185 (Pa. 1981).

*pro se* response to PCRA counsel's request to withdraw on September 20, 2017.

PCRA counsel raises only one issue on appellant's behalf; namely, whether trial counsel rendered ineffective assistance by failing to file a post-sentence motion for reconsideration of his sentence. (*Turner*/*Finley* brief at 2.) Appellant echoes this claim in his September 20, 2017 *pro se* response. (*Pro se* brief at 3.)

Prior to considering appellant's argument, we must address PCRA counsel's "no-merit" letter and petition to withdraw from representation. In *Commonwealth v. Muzzy*, 141 A.3d 509 (Pa.Super. 2016), a panel of this court recently reiterated the procedure to be followed when PCRA counsel files a "no-merit" letter and seeks permission to withdraw from representation:

> Counsel petitioning to withdraw from PCRA representation must proceed . . . under [*Turner*/*Finley*] and . . . must review the case zealously. *Turner*/*Finley* counsel must then submit a "no-merit" letter to the trial court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.
>
> Counsel must also send to the petitioner: (1) a copy of the "no merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel.

. . . .

> Where counsel submits a petition and no[ ]merit letter that . . . satisfy the technical demands of *Turner*/*Finley*, the court—trial court or this Court—must then conduct its own review of the merits of the case. If the court agrees with counsel that the claims are without merit, the court will permit counsel to withdraw and deny relief.

*Id.* at 510-511 (some bracketed internal citations amended; case citations omitted).

Herein, we find that PCRA counsel's filing with this court complied with the requirements of *Turner*/*Finley*. Specifically, counsel's July 25, 2017 "no-merit" letter detailed the nature and extent of counsel's review. In preparing the "no-merit" letter, counsel addressed appellant's contention that trial counsel was ineffective in failing to file a motion for reconsideration of sentence. Thereafter, counsel provided a discussion explaining why appellant's claim is without merit. Finally, the record reflects that counsel served appellant a copy of the "no-merit" letter and advised appellant of his right to proceed *pro se* or with the assistance of privately retained counsel. Thus, we find that counsel's request for leave to withdraw from representation satisfies the requirements of *Turner*/*Finley*. *See Commonwealth v. Karanicolas*, 836 A.2d 940, 947 (Pa.Super. 2003) (stating that substantial compliance with requirements will satisfy the

*Turner*/*Finley* criteria). We must now conduct our own review of the record and render a decision as to whether the appeal is without merit.

Proper appellate review of a PCRA court's dismissal of a PCRA petition is limited to the examination of "whether the PCRA court's determination is supported by the record and free of legal error." *Commonwealth v. Miller*, 102 A.3d 988, 992 (Pa.Super. 2014) (citation omitted). "This Court grants great deference to the findings of the PCRA court, and we will not disturb those findings merely because the record could support a contrary holding." *Commonwealth v. Patterson*, 143 A.3d 394, 397 (Pa.Super. 2016) (citation omitted). In order to be eligible for PCRA relief, a defendant must plead and prove by a preponderance of the evidence that his conviction or sentence arose from one or more of the errors listed at 42 Pa.C.S.A. § 9543(a)(2). Further, these issues must be neither previously litigated nor waived. 42 Pa.C.S.A. § 9543(a)(3).

Here, appellant contends that trial counsel was ineffective by failing to file a post-sentence motion for reconsideration of his sentence, presumably on the basis that the two consecutive sentences of 4 to 8 years' imprisonment imposed were excessive. (*Turner*/*Finley* brief at 2-3; *see also pro se* motion for reconsideration of sentence, 5/18/12 at ¶¶ 7-8; and amended PCRA petition, 6/11/15 at ¶¶ 6, 12.)

To prevail on a claim of ineffective assistance of counsel under the PCRA, a petitioner must establish the following three factors: "first[,] the

underlying claim has arguable merit; second, that counsel had no reasonable basis for his action or inaction; and third, that Appellant was prejudiced." **Commonwealth v. Charleston**, 94 A.3d 1012, 1020 (Pa.Super. 2014) (citation omitted), **appeal denied**, 104 A.3d 523 (Pa. 2014). "[C]ounsel is presumed to be effective and the burden of demonstrating ineffectiveness rests on appellant." **Commonwealth v. Ousley**, 21 A.3d 1238, 1242 (Pa.Super. 2011) (citation omitted), **appeal denied**, 30 A.3d 487 (Pa. 2011). Additionally, counsel is not ineffective for failing to raise a claim that is devoid of merit. **Commonwealth v. Ligons**, 971 A.2d 1125, 1146 (Pa. 2009).

Our supreme court has long recognized that the failure to file a post-sentence motion does not automatically give rise to a presumption of prejudice. **See Commonwealth v. Reaves**, 923 A.2d 1119, 1029 (Pa. 2007). In **Commonwealth v. Liston**, 977 A.2d 1089 (Pa. 2009), our supreme court held that a PCRA court can reinstate a defendant's post-sentence rights **nunc pro tunc if the defendant successfully pleads and proves** he was deprived of the right to file and litigate post-sentence motions as a result of ineffective assistance of counsel. **Id.** at 1095 n.9 (emphasis added). Citing **Reaves**, however, the **Liston** court emphasized that "the failure to file post-sentence motions does not fall within the limited ambit of situations where a [petitioner] alleging ineffective assistance of counsel need not prove prejudice to obtain relief." **Liston**, 977 A.2d at

1092, citing **Reaves**, 923 A.2d at 1132 (footnote omitted). Thus, a petitioner bears the burden of pleading and proving that trial counsel's failure to file a post-sentence motion prejudiced him; namely, that **had** counsel filed post-sentence motions, the sentencing court would have granted them. **See Liston**, 977 A.2d at 1092-1093.

Instantly, our review of the record establishes that appellant suffered no discernable prejudice because of trial counsel's failure to file a post-sentence motion challenging the trial court's imposition of consecutive sentences. At the April 22, 2016 hearing, the sentencing court explicitly stated that it would not have granted a motion to reconsider appellant's sentence because he failed to demonstrate prejudice. (Notes of testimony, 4/22/16 at 7.) The court found that appellant's sentence was "very reasonable" and "appropriate" and that appellant failed to present any evidence that warranted reconsideration. (**Id.**) Upon review, we agree that appellant has failed to prove that he was prejudiced by trial counsel's failure to file a post-sentence motion.

We note that,

> since post-sentence motions are optional, **see** Pa.R.Crim.P. 720(B), rarely will counsel be deemed to have been ineffective for failing to file them except, for example, when the claim involves the discretionary aspects of sentence or a challenge to a verdict on weight of the evidence grounds, claims which must be raised in the trial court to be preserved for purposes of appellate review.

*Liston*, 977 A.2d at 1095 n.9 (internal citations omitted). However, "[g]enerally speaking, the court's exercise of discretion in imposing consecutive as opposed to concurrent sentences is not viewed as raising a substantial question that would allow the granting of allowance of appeal." *Commonwealth v. Gonzalez–Dejusus*, 994 A.2d 595, 598 (Pa.Super. 2010). "[T]he imposition of consecutive, rather than concurrent, sentences may raise a substantial question **in only** the most extreme circumstances," where, unlike in the case *sub judice*, "the aggregate sentence is unduly harsh, considering the nature of the crimes and the length of imprisonment." *Commonwealth v. Lamonda*, 52 A.3d 365, 372 (Pa.Super. 2012) (emphasis added), *appeal denied*, 75 A.3d 1281 (Pa. 2013). Accordingly, appellant's ineffectiveness claim merits no relief.

Based on the foregoing, we affirm the May 20, 2016 order of the PCRA court and grant PCRA counsel's petition for leave to withdraw as counsel.

Order affirmed. Petition for leave to withdraw as counsel granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/16/18

- 9 -